IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES W. MAY, | § | |
| | § | |
| v. | § | C.A. NO. C-11-069 |
| | § | |
| LIVE OAK COUNTY, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN ACTION**

Plaintiff Charles W. May filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants used excessive force and denied him appropriate medical treatment in violation of his constitutional rights. The pending motion to proceed in forma pauperis as well as screening of plaintiff's claims was referred to a magistrate judge.

A plaintiff's claims brought pursuant to an in forma pauperis complaint may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); accord Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002) (per curiam). Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases. James v. Richardson, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) (unpublished) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those

actions are brought by non-prisoner plaintiffs.") (citing Newsome, 301 F.3d at 231).

Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992); Newsome, 301 F.3d at 231.  Pursuant to § 1915(e)(2)(B), a claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).  A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citation omitted).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  Denton, 504 U.S. at 32-33; Neitzke, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  See Moore v. Mabus, 976 F.2d 268, 269-70 (5th Cir. 1992).

Applying these standards, it is respectfully recommended that the Court retain plaintiff's claims of excessive force and deliberate indifference to his serious

medical needs against Live Oak County, Deputy Gonzalez, and Deputy John Doe and Deputy Jane Doe, and that service be ordered on these defendants. It is respectfully recommended further that plaintiff's remaining claims against the remaining defendants be dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an individual who currently resides in Sandia, Texas. He filed his original complaint on March 14, 2011, raising claims of excessive force and deliberate indifference to serious medical needs concerning his arrest and detainment in February 2011, by Live Oak County personnel. (D.E. 1). Plaintiff identified the following individuals as defendants: Larry Busby, Sheriff Live Oak County; Live Oak County District Attorney; Judge Elizabeth Ellis; and Judge Jim Huff. Id.

On March 22, 2011, an evidentiary hearing was held on plaintiff's motion to proceed in forma pauperis, as well as to screen his claims pursuant to

§ 1915(e)(2)(B).  The following allegations were made in plaintiff's original complaint, or at the hearing.

On Sunday, February 20, 2011, plaintiff drank four beers throughout the afternoon, and that evening, he took two prescription sleep-aids, Sonatas, and went to bed.  The next thing plaintiff remembers is waking up in the middle of the road in front of his house, and seeing a Live Oak County deputy, later identified as Deputy Gonzalez, approaching him.[1]  Deputy Gonzalez did not ask plaintiff if he was alright, but simply grabbed him and threw him on the hood of a vehicle.  He hand-cuffed plaintiff, placing the handcuffs on too tight, and then threw him into the back of the car.  Plaintiff complained, but Deputy Gonzalez ignored him. Plaintiff asked if he was being arrested, and was told that he was being arrested for public intoxication and trespass.  He asked Deputy Gonzalez if he could go into his home and change clothes and get his billfold, but he refused.  He also told Deputy Gonzalez that he needed his medication and had medical issues, but Deputy Gonzalez again ignored him.

In the car and at the jail, plaintiff repeatedly requested that he be given a Breathalyzer test or blood test to confirm that he was not intoxicated, but Deputy

---

[1] Plaintiff testified that Deputy Gonzalez was not in uniform at the time.

Gonzalez refused to administer any test, as did a female officer working at the jail that night.

The next morning, plaintiff waited to appear before Judge Ellis. After shift change, he repeatedly asked Deputy John Doe and Deputy Jane Doe if he could see a nurse or any other medical personnel, but they refused, informing him that no medical attention was available.

When Plaintiff appeared before Judge Ellis, she informed him that he was charged with criminal trespass and public intoxication. She also ordered that he be released on $2,000 bond.

On Tuesday, February 22, 2011, plaintiff saw his physician who ran blood work and other tests.[2] He also went to the hospital and was given instructions to care for an injury to his tail-bone.

Plaintiff wrote letters to Sheriff Busby, the Live Oak County District Attorney, Judge Ellis and Judge Huff relating that he had experienced a reaction to the sleep medication and that he was obtaining proof that he had not been intoxicated. Later, one of Judge Ellis' staff members called and told plaintiff that the public intoxication charge had been dismissed. Plaintiff called the District

---

[2] At the hearing, plaintiff offered a copy of the results of his blood tests. (D.E. 6). He argues that his blood work demonstrates that he was not intoxicated on February 20, 2011.

Attorney and asked when he was going to take action on the criminal trespass charge, and the District Attorney related that he had not yet received the paperwork from the Sheriff's office, and also, that he had three years to file charges. Plaintiff never heard from Judge Huff.

### III.  LEGAL STANDARD

The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (per curiam) (citations omitted); accord Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

Plaintiff's complaint must be liberally construed in his favor. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). Indeed, this Court "must assume that the plaintiff's factual allegations are true" and may dismiss the "claims only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Newsome, 301 F.3d at 231 (citation omitted).

## IV. DISCUSSION

A.   **Plaintiff's Claims Against The District Attorney Are Without Merit.**

Plaintiff is suing the Live Oak County District Attorney for not responding appropriately to his letter as well as failing her prosecution of him for the charges.

Plaintiff does not suggest, let alone establish, that the District Attorney was acting beyond the scope of her duties. She informed plaintiff that she had not yet filed formal charges because she was waiting for the Sheriff's office to submit paperwork. In addition, she explained that she had three years to file any charges for criminal trespass. There is no evidence to suggest that the District Attorney is acting beyond the reasonable scope of her employment.

The Supreme Court has determined that prosecutors enjoy absolute immunity for actions taken in the scope of their prosecutorial duties. Prosecutorial immunity protects the District Attorney for her conduct in "initiating a prosecution and in presenting the State's case." Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam) (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)); see also Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (prosecutors enjoy the same absolute immunity in § 1983 actions that they enjoy at common law); Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999) (immunity is appropriate where the

action is one in which a prosecutor is generally authorized to engage).  Thus, it is respectfully recommended that this claim be dismissed without merit.

**B.     Plaintiff's Claims Against The Judges Are Without Merit.**

Plaintiff is suing Judge Ellis and Judge Huff for not responding appropriately to his letters as well as failing to dismiss the charges based on his blood test that he argues demonstrates he was not intoxicated.

The Supreme Court has established that "generally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) (citations omitted).  Judicial immunity serves to safeguard "'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Id. at 10 (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted).  Judicial immunity is overcome only when the acts were "not taken in the judge's judicial capacity," or when they

were "taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12 (citations omitted).

The Fifth Circuit has further explained that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers 31 F.3d 279, 284 (5th Cir. 1995) (per curiam); see also Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts.") (citing Forrester v. White, 484 U.S. 219 (1988)). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd, 31 F.3d at 285 (quoting Mireles, 502 U.S. at 12). In determining whether an act was judicial in nature, courts should consider four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005) (quoting Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993)).

9

Plaintiff's claims against Judge Ellis and Judge Huff arise solely in the context of the February 2011 incident. He does not suggest, let alone establish, that either judge was acting beyond the scope of their duties. Thus, plaintiff's claims against Judge Ellis or Judge Huff fail to state cognizable claim, and therefore, it is respectfully recommended that they both be dismissed.

### C. Plaintiff's Claim Against Sheriff Busby Is Dismissed But His Claim Against Live Oak County Is Retained.

Plaintiff claims that he wrote to Sheriff Busby requesting to see copies of Live Oak County's policies and procedures concerning arrests and medical treatment at the jail. He admitted that he is not alleging that Sheriff Busby personally violated his constitutional rights, but instead, that Live Oak County has unconstitutional policies regarding the use of force during an arrest and in providing detainees with medical treatment.[3]

To establish municipal liability pursuant to § 1983, the plaintiff must demonstrate that an official policy is the "moving force" behind the municipal

---

[3] To the extent plaintiff claims that Sheriff Busby violated his constitutional rights by not responding to his letter, this allegation fails to state a constitutional violation. There is no evidence that Sheriff Busby was personally involved in the violation of plaintiff's rights, and he cannot be held liable on a theory of *respondeat superior*. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987) (supervisory officials may be held liable only if they affirmatively participate in acts that cause the constitutional deprivation, or if they implement unconstitutional policies that causally result in plaintiff's injury). Therefore, it is respectfully recommended that Sheriff Busby be dismissed.

employee's allegedly unconstitutional act.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).  "To establish liability for a policy or practice, a plaintiff must prove that (1) the local government or official promulgated a policy; (2) the decision [or policy] displayed 'deliberate indifference' and proved the government's culpability; and (3) the policy decision lead to a particular injury."  In re Foust, 310 F.3d 849, 861 (5th Cir. 2002) (citation omitted).  An official policy is either a formal statement officially adopted by a municipality or a persistent widespread practice of municipal employees which is common and well established.  Id.  An isolated incident is not sufficient to show a custom.  Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc) (citations omitted).

   For purposes of § 1915, plaintiff has alleged sufficient facts to state a claim against Live Oak County regarding arrest procedures and medical care.  According to plaintiff, Deputy Gonzalez never asked him if he was alright when he found him lying in the road, but simply threw him on the hood of a vehicle and placed him in hand restraints.  Deputy Gonzalez refused plaintiff's request for medical attention, and both Deputy John Doe and Deputy Jane Doe reported that no medical attention was available.  Taking these allegations as true, these facts could support a claim of

unconstitutional practices and policies.  Thus, it is respectfully recommended that the Court retain plaintiff's claim against Live Oak County.

**D.     Plaintiff's Claim For Excessive Force Is Retained.**

Plaintiff claims that Deputy Gonzalez used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment when he threw him on the hood of the car and placed him in hand cuffs.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant.  See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response.  Gomez, 163 F.3d at 923.

Plaintiff maintains that he was lying harmless in the street when approached by Deputy Gonzalez, that he cooperated with him and tried to explain that he was

confused as to how he ended up in the street. Nonetheless, Deputy Gonzalez would not listen, but man-handled him and took him to jail. Plaintiff maintains that the situation did not require any such force.

Taking plaintiff's allegations as true, the facts suggest that the force employed by Deputy Gonzalez was done maliciously and with sadistic intent, and not to maintain order or control. Thus, for purposes of § 1915 screening, plaintiff has stated a claim of excessive force against Deputy Gonzalez, and it is respectfully recommended that this claim be retained, and service ordered on this defendant.

### E.    Plaintiff's Claims For Deliberate Indifference To Serious Medical Needs Are Retained.

Plaintiff claims that Deputy Gonzalez, Deputy John Doe, and Deputy Jane Doe were deliberately indifferent to his serious medical needs.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that the official acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (citations omitted). "Deliberate indifference describes a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (construing Estelle, 429 U.S. at 104). The "Eighth Amendment requires 'more

13

than ordinary lack of due care for the prisoner's interests or safety.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Instead, deliberate indifference requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and that the prison official, perceiving the risk, must deliberately fail to act. Id. at 837; see also Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) ("plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs") (citation omitted).

Furthermore, "negligent medical care does not constitute a valid section 1983 claim." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action."), abrogated on other grounds by Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994). As long as medical personnel exercise professional judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). A mere disagreement with the level and type of treatment is not actionable

under the Eighth Amendment. Estelle, 429 U.S. at 107; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) (per curiam).

Plaintiff testified that, from the moment he was arrested until he was released on bond, he requested medical attention while in the custody of Live Oak County, but these defendants repeatedly refused his requests. Indeed, Deputy John Doe and Deputy Jane Doe told him that no medical attention was available at the jail. Plaintiff explained to them that he was under the care of a physician and also, that he took certain medications daily. He also complained about pain associated with the arrest, but was denied ice or aspirin. Thus, plaintiff claims that he was in pain and needed medical attention, but that his complaints were totally ignored by defendants. These allegations state a claim of deliberate indifference, and it is respectfully recommended that the court retain this claim against these defendants.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's § 1983 claims against Live Oak County, Deputy Gonzalez, Deputy John Doe, and Deputy Jane Doe be retained, and service ordered on these defendants. It is respectfully recommended further that plaintiff's claims against Sheriff Larry

Busby, the Live Oak County District Attorney, Judge Elizabeth Ellis, and Judge Jim Huff, be dismissed for failure to state a claim and as frivolous. See 28 U.S.C. § 1915(e)(2)(B).

    Respectfully submitted this 28th day of March 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).