UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES W MAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-69 |
| | § | |
| LARRY BUSBY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Live Oak County's Motion to Dismiss for Plaintiff's Failure to State a Claim pursuant to Rule 12(b)(6). (D.E. 18.) For the reasons stated herein, Defendant's motion is GRANTED IN PART. Plaintiff has fourteen (14) days in which to amend his complaint to state a claim against Live Oak County, or his claims against the County will be dismissed.

**I.     Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiff brings suit under the Civil Rights Act, 42 U.S.C. § 1983.

**II.    Background**

The background to this case is fully recounted in the Magistrate Judge's Memorandum and Recommendation, dismissing certain of Plaintiff's claims and retaining his claim for excessive force under the Fourth Amendment and his claim for inadequate medical treatment. (D.E. 7; D.E. 16.) The remaining Defendants are Live Oak County, Live Oak County Sheriff's Deputy John Doe, and Live Oak County Sheriff's Deputy Jane Doe.

Live Oak County has now moved to dismiss the complaint against it for failure to state a claim pursuant to Rule 12(b)(6). (D.E. 18.)

**III.    Discussion**

    **A.**    **12(b)(6) Motion to Dismiss Standard**

To survive a Rule 12(b)(6) motion to dismiss, the complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." Id. at 1949-50.

    **B.**    **Analysis**

A unit of local government cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees of its police department on a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U. S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, a municipality is only liable pursuant to § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy. Id. at 694. Thus, in addition to the underlying claim of a violation of rights, a § 1983 municipal liability requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748

(5th Cir. 2005) (citations omitted), cert. denied, 547 U.S. 1130, 126 S. Ct. 2039, 164 L. Ed. 2d 783 (2006).

In his complaint, Plaintiff does not allege that the actions of any of the officers were done pursuant to an official policy of Live Oak County. (D.E. 1.) Based on the allegations in Plaintiff's complaint, even if they are accepted as true, there is no possibility that Plaintiff can state a claim upon which relief may be granted. Twombly, 550 U.S. at 556. However, under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave, and the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court holds that Plaintiff has fourteen (14) days in which to amend his complaint to state a claim against Live Oak County pursuant to the standards put forth in Monell v. Dep't of Soc. Servs., 436 U. S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## IV. Conclusion

For the reasons stated above, Defendant Live Oak County's Motion to Dismiss for Plaintiff's Failure to State a Claim, (D.E. 18), is GRANTED IN PART. Plaintiff has fourteen (14) days in which to amend his complaint to state a claim against Live Oak County, or his claims against the County will be dismissed.

SIGNED and ORDERED this 11th day of May, 2011.

_____
Janis Graham Jack
United States District Judge