IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES W. MAY | § | |
| | § | |
| v. | § | C.A. NO. C-11-069 |
| | § | |
| LARRY BUSBY, ET AL. | § | |

## OPINION DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, Charles W. May, proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). In his complaint, he claims of excessive force, and deliberate indifference to his medical needs. Pending is his second motion for appointment of counsel. (D.E. 74).

No constitutional right to appointment of counsel exists in civil rights cases. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's civil

rights claims do not present any complexities that are unusual in prisoner actions.  The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court.  The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

Plaintiff argues that he cannot afford to depose the parties or defend this action at trial.  Indeed, he claims that if he had an attorney this action would have settled.  On March 22, 2011, plaintiff was provided with contact information for the Corpus Christi Bar Association as well as the local office of Rio Grande Legal Aid so that he could contact those organizations about obtaining legal assistance.  He previously indicated that he contacted both organizations as well as the ACLU and a local attorney, but was unable to obtain representation.  (D.E. 32).  If so many entities have considered the merits of plaintiff's claims and been unwilling to represent plaintiff, then it would be premature to appoint counsel simply to compel the attorney to bear costs of the litigation.

For the foregoing reasons, plaintiff's motion for appointed counsel, (D.E. 74), is DENIED without prejudice.

ORDERED this 8th day of November 2011.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE